United States Bankruptcy Court
Central District of California
Northern Division
Ronald A Clifford III, Presiding
Courtroom 201 Calendar

**Tuesday, March 7, 2023**                                                                 **Hearing Room    201**

2:00 PM
**9:22-10734    Peter Thomas DiPasquale**                                                  **Chapter 7**

#11.00    HearingRE: [40] Motion to vacate dismissal

Docket    40

**Tentative Ruling:**

**March 7, 2023**

**Appearances waived.**

Peter Thomas DiPasquale ("DiPasquale") filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code on September 16, 2022 (the "Petition Date"). *See* Docket No. 1. On the Petition Date, the Court's Clerk issued that *Order to Comply with Bankruptcy Rule 1007 and Notice of Intent to Dismiss Case* (the "Order to Comply") and that *Case Commencement Deficiency Notice* (the "Deficiency Notice"). *See* Docket Nos. 1-1 and 1-2 respectively. The Order to Comply notified DiPasquale that the bankruptcy case would be dismissed if a number of case commencement documents were not filed within fourteen (14) days of the Petition Date. *See* Docket No. 1-1. The Deficiency Notice likewise notified DiPasquale that the bankruptcy case may be dismissed should he fail to file certain case commencement documents within fourteen (14) days of the Petition Date (thirty (30) days for the *Statement of Intention for Individuals Filing Under Chapter 7*). *See* Docket No. 1-2.

On September 26, 2022, DiPasquale filed *Debtor's Motion to Extend Time to File Case Opening Documents*, requesting that "the court extend the time to file the case opening documents to a minimum of 30 days." *See* Docket No. 8. On September 30, 2022, the Court entered that *[O]rder Approving Debtors [sic] Motion to Extend Time to File Case Opening Documents*, which Order provided DiPasquale until October 31, 2022 to file the documents outlined in the Order to Comply and Deficiency Notice. *See* Docket No. 10.

On October 28, 2022, DiPasquale filed a number of case commencement documents. *See* Docket No. 17. Notably missing were the *Declaration by Debtor(s) as to Whether Income was Received from an Employer within 60 Days of the Petition Date* and the

United States Bankruptcy Court
Central District of California
Northern Division
Ronald A Clifford III, Presiding
Courtroom 201 Calendar

**Tuesday, March 7, 2023**                                                                                          **Hearing Room    201**

<u>2:00 PM</u>
**CONT...        Peter Thomas DiPasquale                                                                           Chapter 7**

*Verification of Master Mailing List of Creditors* in conformance with the Deficiency Notice.  *Id.*  The case commencement documents filed also contained numerous errors.  For example, the *Statement of Related Cases* was left blank, failing to disclose DiPasquale's prior bankruptcy case filed in this District, Case No. 04-10525.  DiPasquale discloses in the *Initial Statement about Eviction Judgment Against You* that his landlord, Rudi Londt, "has obtained a judgment for possession in an eviction, unlawful detainer action, or similar proceeding…"  Yet, DiPasquale's *Schedule G* lists no landlords, the *Statement of Financial Affairs* lists no lawsuits, court actions, or administrative proceedings, and Rudi Londt is not listed in the *Master Creditor List* or *Schedule E/F*.  New creditors were added to the October 28, 2022 filing without paying the appropriate fee, and DiPasquale failed to comply with this Court's Local Rule 9011-1(a) regarding holographic signatures.  Attempts to correct these issues were made weeks after the October 31, 2022 deadline.  *See* Docket Nos. 22, 25-29, 31, 35 and 38.

Having failed to comply fully with the Order to Comply and Deficiency Notice, on November 9, 2022, the Court's Clerk docketed that *Order and Notice of Dismissal for Failure to File Schedules, Statements and/or Plan*.  *See* Docket No. 20.

On November 14, 2022, DiPasquale filed that *Motion to Vacate Dismissal and Reinstate Chapter 7 Case* (the "Motion").  *See* Docket No. 23.

Pursuant to this Court's Local Rule 1017-2(c)(1), "[a]ny motion requesting that the dismissal of a case for failure to timely file a required document or for failure to appear at the meeting of creditors be vacated *must* include as exhibits to the motion *all* of the documents that were not timely filed and *must* be supported by a declaration under penalty of perjury establishing a sufficient explanation why the documents were not timely filed." (emphasis added).  The Motion did not attach any of the documents contained in the Order to Comply with the exception of Forms 122A-1 and 122A-1Supp.  *See* Docket No. 23.  The Motion did not include any exhibits meeting the Deficiency Notice with the exception of LBR Form F1002-1 and LBR Form F1007-1.  *Id.*  Attached to the Motion is a *Statement About Payment of an Eviction Judgment Against You* that is blank.  The *Verification of Master Mailing List of Creditors* filed with the Motion is incomplete, as it contains no debtor name, case number, chapter number, number of pages contained in the mailing matrix, or mailing matrix.  The *Chapter 7 Means Test Calculation* attached to the Motion is incomplete.

# United States Bankruptcy Court
# Central District of California
### Northern Division
### Ronald A Clifford III, Presiding
### Courtroom 201 Calendar

**Tuesday, March 7, 2023**                                                                                   **Hearing Room   201**

<u>2:00 PM</u>
**CONT...        Peter Thomas DiPasquale                                                                                    Chapter 7**

The *Declaration by Debtor(s) as to Whether Income was Received from an Employer within 60 Days of the Petition Date* filed with the Motion is incomplete.

Through the Motion, DiPasquale addresses the holographic signature issue, but not the remaining issues, namely, the failure to timely file all of the commencement documents. DiPasquale also failed to attach all of the commencement documents required through the Order to Comply and Deficiency Notice with the Motion.

Pursuant to Fed. R. Bankr. P. 9024, "Rule 60 FR Civ P applies in cases under the Code…" Pursuant to Fed. R. Civ. P. 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [] mistake, inadvertence, surprise or excusable neglect." "FRCP 60(b) is remedial and must be liberally applied, defaults are disfavored, and cases should be decided on the merits, whenever the movant seeks timely relief from judgment and has a meritorious case." *In re Fernandez*, 227 B.R. 174, 177 (9th Cir. BAP 1998) (citing *Meadows v. Dominican Republic*, 817 F2d 517, 521 (9th Cir. 1987)). A "clerk's dismissal if the functional equivalent of a default judgment." *Id.*

The Court has no explanation as to why those documents that were missing even from the October 28, 2022 filing were not filed prior to October 31, 2022. The Motion fails to comply with this Court's Local Rule 1017-2(c)(1). To this day, many of the case commencement documents that were filed are blank, incomplete, or inconsistent with other case commencement documents filed.

The Court, for these reasons, denies the Motion.

| **Party Information** |
|---|

**Debtor(s):**

   Peter Thomas DiPasquale                                                Pro Se

**Movant(s):**

   Peter Thomas DiPasquale                                                Pro Se

**Trustee(s):**

   Jeremy W. Faith (TR)                                                        Pro Se